# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2031V
UNPUBLISHED

| | |
|---|---|
| RACHEL IOSPA, as mother and natural guardian of A.I., an infant,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: November 18, 2022<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Hepatitis A (Hep A) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA); Pilomatricoma |

*Victoria Wickman*, Law Office of Victoria Wickman, NY, NY, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON JOINT STIPULATION[1]

On October 18, 2021, Rachel Iospa filed a petition, on behalf of her minor child, A.I., for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that A.I. suffered a shoulder injury related to vaccine administration ("SIRVA") which meets the Table definition or pilomatricoma which was caused-in-fact by the Hepatitis A ("Hep A") vaccine A.I. received on September 5, 2020. Petition at 1, ¶¶ 2, 14, 16-17; Stipulation, filed at Nov. 17, 2022, ¶¶ 1-2, 4. Petitioner further alleges that A.I. received the Hep A vaccine within the United States, continues to suffer the residual effects of this injury more than six months post-vaccination, and that neither Petitioner nor any other party has filed a civil action or received compensation for A.I.'s injury. Petition at ¶¶ 2, 10-12; Stipulation at ¶¶ 3-5. Respondent denies that A.I. sustained a Table injury; denies that the vaccine

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

caused A.I.'s alleged pilomatricoma, or any other injury; and denies that A.I.'s current condition is a sequela of a vaccine-related injury." Stipulation at ¶ 6.

Nevertheless, on November 18, 2022, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

> **A lump sum of $30,000.00 to purchase the annuity contract described in paragraph 10 of the Stipulation.** Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id.*

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RACHEL IOSPA, as Mother and Natural Guardian of A.I., an Infant,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | No. 21-2031V (ECF)<br>Chief Special Master Corcoran |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Rachel Iospa, petitioner, on behalf of petitioner's minor daughter A.I., filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq.* (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to A.I.'s receipt of the hepatitis A vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. A.I. received a hepatitis A vaccine September 5, 2020.

3. The vaccination was administered within the United States.

4. Petitioner alleges that A.I. sustained a shoulder injury related to vaccine administration ("SIRVA") as set forth in the Table and a pilomatricoma caused in fact by the vaccination. Petitioner further alleges that A.I. experienced the residual effects of these conditions for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on petitioner's behalf as a result of A.I.'s alleged conditions.

6. Respondent denies that A.I. sustained a Table injury; denies that the vaccine caused A.I.'s alleged pilomatricoma, or any other injury; and denies that A.I.'s current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> An amount of **$30,000.00** to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

This amount represents compensation for all damages that would be available under 42. U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of A.I., pursuant to which the Life Insurance Company will agree to make a payment to A.I. for damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a. A lump sum of $45,522.83 on March 10, 2032.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $30,000.00. In the event that the cost of the annuity set forth above varies from $30,000.00, the payment on March 10, 2032, shall be adjusted up or down to ensure that the total cost of the annuity is neither less nor greater than $30,000.00. The payment provided herein shall be made to A.I. for the period set forth above. Should A.I. predecease the certain payment set forth above, the certain payment shall be made to A.I.'s estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of A.I.'s death.

11. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner, and that petitioner shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

12. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the

payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of American are released from any and all obligations with respect to future annuity payments.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioner and petitioner's attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

15. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 13, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of A.I. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

17. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of A.I.'s estate under the laws of the state of New York.

18. In return for the payments described in paragraphs 8 and 13, petitioner, in petitioner's individual capacity and as legal representative of A.I., on petitioner's own behalf, and on behalf of A.I., and A.I.'s heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.I. resulting from, or alleged to have resulted from the vaccine administered on September 5, 2020, as identified in a Petition filed on October 18, 2021, in the United States Court of Federal Claims as petition No. 21-2031V.

19. If A.I. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

20. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

21. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

22. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

23. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the hepatitis A vaccine caused A.I.'s alleged SIRVA, pilomatricoma, or any other injury, or that A.I. sustained a Table injury.

24. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of A.I.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

_____
RACHEL IOSPA

**ATTORNEY OF RECORD FOR PETITIONER:**

_____
VICTORIA WICKMAN
Law Office of Victoria Wickman
40 Exchange Place
Suite 500
New York, New York 10005
Telephone: (212) 374-9161
Email: vwickman@wickmanmedlaw.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S14
Digitally signed by George R. Grimes -S14
Date: 2022.10.25 16:07:51 -04'00'

_____
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_____
NASEEM KOUROSH
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Telephone: (202) 305-1159
Email: Naseem.kourosh@usdoj.gov

Dated: 11/17/2022

7