# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2031V
(not to be published)

| | |
|---|---|
| RACHEL IOSPA, as mother and natural guardian of A.I., an infant,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: June 6, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Victoria Wickman*, Law Office of Victoria Wickman, New York, NY, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 18, 2021, Rachel Iospa filed a petition, on behalf of her minor child, A.I., for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that A.I. suffered a shoulder injury related to vaccine administration which meets the Table definition or pilomatricoma which was caused-in-fact by the Hepatitis A vaccine A.I. received on September 5, 2020. Petition at 1, ¶¶ 2, 14, 16-17. On November 18, 2022, I issued a

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Decision awarding compensation to Petitioner, based on the parties' stipulation. ECF No. 40.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $11,931.44 (representing $11,540.00 in attorney's fees, $15.81 in attorney's costs, and $465.63 in Petitioner's out-of-pocket costs). Petitioner's Application for Attorneys' Fees and Costs, filed Feb. 28, 2023, ECF No. 44. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred $465.63 in out of pocket expenses. ECF No. 44-4. Later that same day, Petitioner filed an amended motion for attorney's fees and costs which omits any mention of the $465.63 in out-of-pocket expenses previously requested. Petitioner's Amended Application for Attorneys' Fees and Costs, filed Feb. 28, 2023, ECF No. 46. Additionally, by email correspondence, Petitioner's counsel confirmed she had paid the $402.00 filing fee. *See* Informal Remark, dated May 30, 2023.

Respondent reacted to the motion on March 1, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 47. Petitioner did not file a reply thereafter.

Having considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of

2

petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner is requesting the rate of $500 for all time billed between 2021 - 2023 for attorney Victoria Wickman.[3] ECF No. 44-1 at 2. Ms. Wickman has been a licensed attorney since 2001, placing her in the following ranges of experience: 11 - 19 years during 2021 and 20 - 30 years during 2022 and 2023. Thus, the requested hourly rate exceeds the appropriate range for Ms. Wickman's 2021 level of experience. *See* 2021 Attorneys' Forum Hourly Rate Fee Schedule at http://www.uscfc.uscourts.gov/node/2914 (last visited May 25, 2023). Although within the appropriate ranges for 2022 and 2023, the requested rate would be close to the maximum amount for 2022, and in the higher portion of the range for 2023. *See* 2022 and 2023 Attorneys' Forum Hourly Rate Fee Schedules at http://www.uscfc.uscourts.gov/node/2914 (last visited May 25, 2023).

When determining the appropriate hourly rate within these ranges, I consider the additional factors set forth in *McCulloch*: experience in the Vaccine Program, overall legal experience, the quality of work performed, and reputation in the legal community and community at large. *See McCulloch v. Sec'y of Health and Hum. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Although the quality of Ms. Wickman's work was good, she does not have the significant Vaccine Program experience needed to support her requested rate, with this matter being her first Program case. It is for this reason I find it appropriate to utilize rates more in line with her Vaccine Program experience and overall legal experience. I therefore award the following rates:

---

[3] The hourly rate was calculated by dividing the requested attorney fees by the hours billed: $11,450 divided by 22.9 hrs. = $500.

$400 per hour for 2021; $430 per hour for 2022; and $455 per hour for 2023. As a result, the amount of fees to be awarded in this case is reduced by **$1,880.50**.[4]

### B. Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

The billing records contain multiple entries which include some tasks more properly characterized as paralegal work such as requesting medical records and filing documents. Many of these entries describe a combination of attorney and paralegal work. *E.g.,* ECF No. 44-1 at 2 (June 15, 2022 entry for work which included drafting and filing a notice of intention to remain in the Vaccine Program). In the future, Petitioner's counsel should provide individual entries for each task performed and should bill all paralegal work using an appropriate paralegal hourly rate.

The following entries should have been billed using a paralegal rate:

- October 29, 2021 (1 hr.) filing a motion for leave to file out of time and uploading medical records;

- November 15, 2021 (0.50 hrs.) uploading a statement of completion;

- January 13, 2022 (1 hr.) obtaining and uploading certified medical records; and

- January 14, 2022 (0.50 hrs.) communicating with Clerk's office on how to file exhibits.

---

[4] This amount consists of ($500 - $400 = $100 x 10.5 hrs. = $1,050.00) + ($500 – $430 = $70 x 10.9 hrs. = $763.00) + ($500 - $455 = $45 x 1.5 hrs. = $67.50) = $1,880.50.

ECF No. 44-1 at 2. For these tasks, I will reduce Ms. Wickman's time to the following hourly rates: $172 for 2021 work and $177 for 2022 work. This further reduces the request for attorney's fees in the amount of **$721.50.**[5]

## ATTORNEY COSTS

Petitioner requests $15.81 attorney costs and has provided the required receipts. ECF No. 44-2. Additionally, by email correspondence, Petitioner's counsel confirmed she paid the $402 filing fee. I shall award these costs in full.

## PETITIONER COSTS

Petitioner appears to have withdrawn her request for $465.63, described as "costs for surgical copays to remove the pilomatricoma." ECF No. 44-4 (General Order 9 Statement). And the provided receipts confirm these costs were for medical copays (ECF No. 44-3), which would have been covered by the agreed upon stipulation. *See* ECF No. 40 (Decision issued November 18, 2022); Section 15(a)-(c) (describing the types of compensation paid under the Vaccine Program). Only costs incurred in any proceeding – *litigation* costs, are paid when awarding attorney's fees and costs. *See* Section 15(e). Thus, Petitioner's withdrawal of this requested amount is appropriate. These copays will not be reimbursed as part of the attorney's fees and costs award in this case.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$9,263.81 (representing $8,848.00 in attorney's fees and $415.81 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[6]

---

[5] This amount is calculated as follows ($400 - $172 = $228 x 1.5 hrs. = $342.00) + ($430 - $177 = $253 x 1.5 hrs. = $379.50) = $721.50.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
